

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 6, 1991

Mr. Larry E. Kosta
Commissioner
Texas Department of Licensing and
  Regulation
P. O. Box 12157
Austin, Texas 78711

Opinion No. DM-36

Re: Whether management search consultants are subject to regulation by the Texas Department of Licensing and Regulation given that such consultants are exempt from registration and bonding requirements of the Personnel Employment Services Act  (RQ-62)

Dear Commissioner Kosta:

You ask about the authority of the commissioner of licensing and regulation under article 5221a-7, V.T.C.S., which regulates personnel employment services. Specifically, you ask about the commissioner's authority in regard to management search consultants.

Section 3 of article 5221a-7 sets out a number of prohibitions applicable to a "person who acts as a personnel service in the capacity of an owner, operator of the service, counselor, or agent or employee." The statute defines "personnel service" broadly. V.T.C.S. art. 5221a-7, § 1(5). A management search consultant, as defined in the act, is a type of personnel service. *Id.* § 1(11). Section 2(b) provides, "Section 7 of this Act does not apply to a management search consultant." Under section 7 the owner of a personnel service operating in Texas must have a certificate of authority from the commissioner of licensing and regulation. Thus, management search consultants are exempt from the certificate of authority requirement but are subject to all other provisions of the act.

When article 5221a-7 was first adopted, it gave the commissioner of licensing and regulation[1] affirmative duties only in regard to the certificate of authority

---

[1]As originally adopted, article 5221a-7 referred to the commissioner of labor and standards. Those references were changed in 1989 to reflect a change in the name of the agency. Acts 1989, 71st Leg., ch. 1039, § 2.01, at 4179.

requirement of section 7,[2] which is inapplicable to management search consultants. Acts 1979, 66th Leg., ch. 263,  at 570.   In 1987, the legislature amended article 5221a-7 to add sections 6A and 6B, which gave the commissioner of licensing and regulation authority to impose penalties for violations of section 3(a)(1) of the act. Acts 1987, 70th Leg., ch. 839, § 5, at 2896.  In essence, your question is whether the commissioner's enforcement authority in regard to section 3(a)(1) extends to management search consultants.

Section 3(a)(1) provides that a person who acts as a personnel service in various capacities may not "impose any fee on an applicant for employment until the applicant has accepted an offer of employment resulting from an employment referral made by the personnel service."   The act defines "management search consultant" as "a personnel service that is retained by, acts solely on behalf of, and is compensated only by an employer and that does not collect directly or indirectly any fee from an applicant on account of any service performed by the personnel service." V.T.C.S. art. 5221a-7, § 1(11).  Thus, a personnel service that accepted a fee from an applicant for employment in contravention of section 3(a)(1) would remove itself from the act's definition of "management search consultant" since management search consultants, as defined, do not accept fees from applicants for employment. At the same time, if it did engage in the conduct described in section 3(a)(1), it would subject itself to the department's enforcement authority.

## SUMMARY

Article 5221a-7, V.T.C.S., which regulates personnel services, exempts "management search consultants" from its registration and bonding requirements.  "Management search consultants" are not exempted from other requirements of the act.

Very truly yours,

DAN  MORALES
Attorney General of Texas

---

[2]Although the act provided for civil remedies and criminal penalties for violations of the act, Acts 1979, 66th Leg., ch. 263, §§ 5, 6 (codified as V.T.C.S. art. 5221a-7, §§ 5, 6), it did not give the commissioner authority to take action in regard to violations of the act.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General